United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALAN COBB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF ASSESSOR, COUNTY OF ALAMEDA,<br><br>　　　　Defendant. | Case No.: C12-2569 JSC<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO FILE AN AMENDED COMPLAINT (Dkt. Nos. 3, 8)** |

Plaintiff, proceeding pro se, filed this real estate action against the Office of Assessor in Alameda County[1] and a Motion to Submit an Amended Complaint, which is GRANTED. (Dkt. Nos. 1, 8.) He also filed an application to proceed *in forma pauperis*, which is also GRANTED. (Dkt. No. 3.) Under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 6), and Defendant, not yet served, is not a party to this case. See Third World Media, LLC v. Does 1-1568, 2011 WL 4344160 at *3 (N.D. Cal. Sept. 15, 2011).

Plaintiff filed this action on May 18, 2012. (Dkt. No. 1.) This action names the same Defendant and appears to concern the same Oakland land parcel located on Grizzly Peak Boulevard as a prior case filed by Plaintiff and dismissed without prejudice on April 25, 2012, see Case No. 12-1045 (SI)(Dkt. No. 14); indeed, this complaint lists Case No. 12-1045 as a related case. It is not clear whether Plaintiff asserts the same claims as the previous case since his two-page amended complaint cryptically alleges "real wrong by defendant," "Legal injury by defendant," "Tort Action," "Trading Partnership," "Lawful Man," "Free Will," "Private Citizen," and "the Flag of Morocco," among others without further description. (Dkt. No. 8 at 2.) Though Plaintiff clearly intends to claim a right to 4975 Grizzly Peak Boulevard, he does not provide any allegations about how the Defendant's conduct caused any of his purported injuries. In Case No. 12-1045, Plaintiff's complaint was dismissed for failure to state a claim with leave to amend and then for failure to prosecute when Plaintiff failed to amend the complaint. Case No. 12-1045 (SI) (Dkt. Nos. 11, 14.)

## DISCUSSION

A complaint fails to state a claim upon which relief may be granted if Plaintiff does not allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Here, Plaintiff fails to state a claim since he cites no specific misconduct by Defendant but only vaguely avers a number of claims and requests $9.5 million in damages. Plaintiff also requests relief from "Deputy Ana Means," who is not a party in this case. (Dkt. No. 8 at 2.) Plaintiff does not clearly state the facts giving rise to this action, including any disputed conduct by Defendant, when it occurred, and what specific injury, if any, Plaintiff suffered as a result.

Instead, Plaintiff attaches "exhibits"[2] without an explanation of their relationship to his claim: a "Grant Deed" and a "Change in Ownership Statement" for decedent Christopher Alan

---

[2] Though Plaintiff does not file any exhibits with his amended complaint (Dkt. No. 8), he references the same exhibits filed with his original complaint, see Dkt. No. 2, and the Court therefore considers these exhibits in conjunction with his amended complaint.

Cobb who, according to the document, died in 1967.  The relationship, if any, between the deceased Christopher Alan Cobb and the Plaintiff Christopher Alan Cobb is not disclosed.  The "Grant Deed," dated May 6, 2005, transfers ownership of the Grizzly Peak property from Trustee Barbro L. Cassman to Lalit M. Kapoor and Satindra Kapoor. (Dkt. No. 2 at 2.)  The name Christopher Alan Cobb is not mentioned anywhere in the document.  The "Change in Ownership Statement" is signed by Christopher Alan Cobb, and dated May 16, 2012.  The Trustee is listed as Barbro L. Cassman, and beneficiaries are listed as Christopher Alan Cobb (100%), Lalit M. Kapoor (100%) and Satindra Kapoor (Joint), all of whom are purportedly related to the decedent by "Fiction of Law." (Dkt. No. 2 at 5-6.)  It appears that Plaintiff himself filled out this form and filed it with Defendant, alleging that the deceased Christopher Alan Cobb owned the property in question.[3]

    Nearly identical documents were among the exhibits filed in Case No. 12-1045; however, additional documentation valuing the property at $9.5 million was attached, and the "Change in Ownership Statement" was dated February 17, 2012 and did not list any beneficiaries.  See Case No. 12-1045 (SI)(Dkt. No. 7.)   Plaintiff's addition of beneficiaries to the May 16, 2012 version seems to reflect a belief that the Christopher Alan Cobb who died in 1967 named as his beneficiaries both Plaintiff and the couple who would eventually purchase the disputed property nearly forty years later in 2005.  Plaintiff does not provide any documentation that the deceased Christopher Alan Cobb ever owned property on Grizzly Peak Boulevard.  Plaintiff's demand for $9.5 million in damages in this case apparently relates to the $9.5 million property value estimation provided in Case No. 12-1045, though Plaintiff does not justify his damage request in the instant action.

    //

---

[3] Plaintiff notes the property address as 4785 Grizzly Peak Boulevard in the "Change in Ownership Statement" dated May 16, 2012.  The address is listed as 4975 Grizzly Peak Boulevard in the "Change in Ownership Statement" dated February 17, 2012 and filed by Plaintiff in Case No. 12-1045.  It is unclear whether this discrepancy is a typographical error by Plaintiff or reflects his intention to allege an interest in a different parcel of Grizzly Peak Boulevard property, though Plaintiff's amended complaint also references 4975 Grizzly Peak Boulevard. (Dkt. No. 8.)

**CONCLUSION**

Plaintiff's amended complaint fails to state a claim and is DISMISSED.  Since Case No. 12-1045 was dismissed without prejudice, the Court will afford Plaintiff one final opportunity to amend his pleading to specifically allege 1) the Defendant's purportedly illegal conduct; 2) the statute or law this conduct violates; 3) the basis for federal jurisdiction over this action; 4) the injury Plaintiff suffered as a result of Defendant's conduct; and 5) the relief Plaintiff seeks as a result.  Any amended complaint should be submitted on or before July 6, 2012.  Plaintiff is cautioned that failure to submit a timely second amended complaint that cures the above defects will result in dismissal of his claim with prejudice.

**IT IS SO ORDERED.**

Dated:  June 11, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE